**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-**
**CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200.**

United States District Court,
S. D. New York,
Civil Division.

Nov. 12, 1974.

**220**

Shearman & Sterling, New York City, for Deponent NCR Corp.

## MEMORANDUM

EDELSTEIN, Chief Judge:

The parties in this civil antitrust action are engaged in a deposition program which involves the production of documents by, and the taking of testimony by oral deposition from, hundreds of nonparty witnesses. One of those witnesses, NCR Corporation, has moved the court for an order applying the provisions of Pretrial Order No. 13 as Amended (entered May 6, 1974) to allegedly confidential information contained in seven exhibits to the deposition of Mr. William H. Finigan and directing the Clerk of the Court to retain these exhibits under seal. A reading of the affidavit of James E. Rambo, submitted in support of this motion, indicates that the documents in question were marked as exhibits at the deposition of Mr. Finigan and retained by counsel for defendant International Business Machines Corporation ("IBM") under seal with the understanding that IBM would not cause the deposition to be filed until this court has ruled on NCR's claim ·of confidentiality as to these exhibits.

The Publicity in Taking of Evidence Act, 15 U.S.C. § 30 (1970) provides, in relevant part, that

> [i]n the taking of depositions of witnesses for use in any suit in equity brought by the United States under sections 1 to 7 of this title, . . . the proceedings shall be open to the public as freely as are trials in open court;

While this court recognizes that certain so-called confidential information is entitled to protection from public scrutiny, it has interpreted 15 U.S.C. § 30 to mean that that protection may be accorded only by order of this court and not at the discretion of the deponent. Accordingly, the court entered Pretrial Order No. 13 as Amended (May 6, 1974) (attached hereto as Appendix A). That Order, as it stood at the time of the Finigan deposition, provided that

a nonparty could obtain the protection provided in Paragraphs 1–5 of the Order by designating documents as confidential at the time they were produced to either of the parties in this litigation. The Order further provided that if "during the taking of a deposition a nonparty witness objects to the public disclosure of any information specifically designated by the witness as being confidential," the deposition could be adjourned as to the allegedly confidential material so that the witness could apply to the court for whatever relief he deemed necessary.

■ Pretrial Order No. 13 was drafted to allow the nonparty witness to exercise its own discretion, within the guidelines of Fed.R.Civ.P. 26 and the Order, in designating as confidential documents produced to the parties under circumstances which did not require that the documents be made part of the public record in this case. However, once the documents were to be used in such a way as to require public disclosure of their contents, they could be sealed only by order of this court. Specifically, because 15 U.S.C. § 30 requires that depositions in this case be open to the public as freely as are trials, public access to documents made part of a deposition can be limited only by order of this court.

■ The procedure followed by NCR in its effort to obtain confidential treatment for the documents at issue here is inconsistent with the procedure required by Pretrial Order No. 13 as Amended (May 6, 1974), and no exception to that procedure has been requested by NCR or authorized by the court. The documents were marked as exhibits to the deposition of Mr. Finigan, and, as exhibits, they became part and parcel of a deposition which was open to the public. By not seeking protection from this court prior to making those documents part of the public deposition, NCR has waived whatever claims of confidentiality it had. This court will not now seal documents which NCR made public at the time of the Finigan deposition.

■ The court is aware that counsel for IBM has, on at least one occasion, represented to a deponent that the procedure in use in this litigation pursuant to Pretrial Order No. 13 as Amended (May 6, 1974) is the one apparently used at the NCR deposition, i. e., the marking of the allegedly confidential document as an exhibit to the deposition with the understanding that the exhibit will not be disclosed to the public until the deponent has had an opportunity to apply to the court for protection. It is also aware that counsel for the Government, after initial objection to this procedure, acquiesced in it. *See* Transcript of Deposition of John E. Kelsch, taken June 19, 1974, filed November 11, 1974, at 9–13, United States of America v. International Business Machines Corporation, 69 Civ. 200 (S.D.N.Y., filed January 17, 1969). These representations by counsel are clearly inconsistent with the spirit and language of Pretrial Order No. 13 as Amended (May 6, 1974) and 15 U.S.C. § 30 and cannot be condoned even though here the court need not be concerned by the possibility that the deponent was misled by such misrepresentations because NCR has been represented by its own counsel throughout the course of its involvement as a nonparty witness in this litigation.

NCR and IBM are directed to file the Finigan deposition within ten days of the entry of this opinion.

So ordered.

## APPENDIX A

### PROTECTIVE ORDER RELATING TO DISCOVERY OF NONPARTIES

### AMENDED PRETRIAL ORDER NO. 13

Whereas, the parties are engaged in a deposition program which involves

the production of documents by, and the taking of testimony by oral deposition from, hundreds of nonparty witnesses; and

Whereas, substantial amounts of trade secret or other confidential research, development, or commercial information may be produced by these nonparty witnesses; and

Whereas, a number of such nonparty witnesses have applied to the Court for an order limiting the disclosure of such trade secret or other confidential research, development, or commercial information; and

Whereas, The Publicity in Taking of Evidence Act, 15 U.S.C. § 30 requires that all depositions in this action be open to the public as freely as are trials in open court; and

Whereas, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

It is hereby ordered that:

1. Confidential information of the type recognized by Fed.R.Civ.P. 26(c)(7) produced by a nonparty to or for either of the parties shall be governed by this Order and may not be used by either plaintiff or defendant for any business, competitive, or governmental purpose or function other than in connection with this litigation, or as otherwise necessitated by law, or as further ordered by this Court.

2. Any nonparty which desires to bring itself within the protection accorded by paragraph one (1) above, shall designate in writing the documents or portions thereof which it considers confidential at the time such documents are produced.

3. Only those persons who are employed in the preparation or trial of this action shall be accorded access to such information, *provided,* that in the case of employees of IBM such persons shall include only those employees on full-time assignment to counsel for IBM in this case, and *provided further,* that IBM shall establish a procedure whereby no employee of IBM to whom the confidential information designated pursuant to this Protective Order, or any part thereof, is made available shall be transferred to any other position within IBM except upon (i) fifteen (15) days written notice to the nonparty supplying the information and (ii) the review and written determination by the Vice President and General Counsel of IBM, served upon the nonparty supplying the information, that such transfer will in no way jeopardize its interests.

4. All such information shall be kept in secure segregated facilities and access to those facilities shall be permitted only to persons employed in the preparation or trial of this action.

5. Each person permitted access to information subject to this Order shall, prior to or immediately upon being afforded such access, sign an affidavit stating that he has read and understands the terms of this Order and that he shall abide by them. Such affidavits shall be filed with the Clerk of the United States District Court for the Southern District of New York. The name, employer, current employment location and job description of each affiant shall be furnished by the respective party to each nonparty witness concerned within fifteen (15) days after the execution of such affidavit.

6. Paragraphs 1–5 of this Protective Order shall also apply to documents, materials and any other information falling within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure furnished by any nonparty in confidence to the United States Government or to any agency thereof (other than pursuant to discovery of this action), which is produced or made available to IBM by the United States Government or any agency thereof.

Provided that if at any time prior to or during the taking of a deposition a nonparty witness objects to the public disclosure of any information specifical-

ly designated by the witness as being confidential, the deposition shall continue as to all matters not so designated by the witness. As to those matters specifically designated by the witness as being confidential, the deposition may be adjourned or recessed upon the consent of the witness that he will reappear at an agreed upon date. The witness may thereupon move this Court for such relief as he deems necessary. Any such motion shall be made in conformance with the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Southern District of New York and Amended Pretrial Order No. 12 in this action.

It is further provided that the terms of this Order shall in no way affect the rights of any person to seek whatever relief is available under the Federal Rules of Civil Procedure.

Dated: New York N.Y. May 3, 1974

(s) David N. Edelstein

DAVID N. EDELSTEIN
Chief Judge.